**Donnie Wayne NIPPER, Petitioner-Appellant,**

v.

**WARDEN, FCC COLEMAN—MEDIUM, Respondent-Appellee.**

**No. 12-13281**

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(June 1, 2017)

Rosemary Cakmis, Federal Public Defender's Office, Orlando, FL, for Petitioner-Appellant

Yvette Rhodes, Robert E. O'Neill, U.S. Attorney's Office, Tampa, FL, Zachary James Kelton, U.S. Department of Justice, Legal Department, Coleman, FL, for Respondent-Appellee

Before HULL, MARTIN, and ROSENBAUM, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

Donnie Wayne Nipper appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. Nipper argues that the 195-month prison sentence imposed after he pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), exceeds the maximum 120-month term authorized by Congress. Specifically, he argues that because of several intervening U.S. Supreme Court decisions, his prior convictions for common-law robbery and "breaking or entering" do not qualify as predicate convictions supporting the sentencing enhancement he received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[1]

In January 2015, we affirmed the dismissal of Nipper's § 2241 petition. See Nipper v. Warden, FCC Coleman-Medium, 597 Fed.Appx. 581, 583 (11th Cir. 2015) (per curiam) (unpublished). Nipper then filed a petition for certiorari in the Supreme Court. The Supreme Court granted that petition on June 30, 2015. Nipper v. Pastrana, 576 U.S. ——, 135 S.Ct. 2946,

192 L.Ed.2d 964 (2015) (mem.). The Court vacated our opinion and remanded for further consideration in light of Johnson v. United States, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which struck down the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. Nipper, 135 S.Ct. at 2946. On remand, we again affirm.

A collateral attack on the legality of a federal conviction or sentence generally may be brought only under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, the "savings clause" of § 2255 allows a federal prisoner to file a habeas petition pursuant to § 2241 if the prisoner can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Supreme Court's ruling in Johnson does not change our decision that Nipper cannot proceed under § 2241 through the savings clause. The savings clause does not apply to claims based on new rules of constitutional law—such claims must be brought in a second or successive § 2255 motion under § 2255(h)(2). See Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1342–43 (11th Cir. 2013) (explaining that 28 U.S.C. § 2255(h)(2) specifically allows for a second or successive § 2255 motion "when the basis of the challenge is a new rule of constitutional law" and the savings clause applies only to claims "that are not covered by § 2255(h)" (quotation omitted)); Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc) (refusing "to interpret the savings clause in a way that would ... render [§ 2255(h) ] pointless"). Because Johnson

---

1. Under the ACCA, a defendant convicted under § 922(g) is subject to a mandatory minimum 15-year prison sentence if he has three prior convictions for crimes that are either a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). A conviction under § 922(g) otherwise carries a maximum prison term of 10 years. Id. § 924(a)(2).

established a new rule of constitutional law, it cannot be the basis for relief under the savings clause.

**AFFIRMED.**